Leland K. Faux
Idaho Bar No. 10246
Leland Faux, Esq. PLLC
381 Shoup Ave, Ste 214
Idaho Falls, Idaho 83402
T: 208-922-7722
Leland@LelandFaux.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| **SPENCER AND ANGELA GILBERT, individually and on behalf of others similarly situated**, <br><br> **Plaintiff,** <br><br> v. <br><br> **RENT RECOVERY SOLUTIONS, LLC,** <br><br> **Defendant.** | Case No.: 4:21-cv-266 <br><br> **Class Action Complaint For Damages For Violations Of The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692,** *Et Seq.* <br><br> Judge: <br><br> JURY TRIAL DEMANDED |

Plaintiffs, Spencer and Angela Gilbert ("Plaintiffs"), allege the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and often an invasion of individual privacy. Congress wrote the Fair

Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The Idaho Collection Agencies Act, Idaho Code § 26-2223 *Et Seq*. provides requirements that collection agencies be licensed in Idaho before making collection attempts within the State of Idaho.

3. Plaintiffs bring this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendant, RENT RECOVERY SOLUTIONS, LLC ("Defendant"), for negligently, knowingly, and/or willfully making false representations of the legal status of Defendant and using deceptive means to imply that Plaintiffs were obligated to pay the debt in violation of the FDCPA.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all of the conduct engaged in by Defendant took place in Idaho.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION & VENUE

8. This Court has federal question jurisdiction over this matter because this action arises out of violations of the Fair Debt Collection Practices Act, 15

U.S.C. §§ 1692, *et seq.*, which is a federal statute.

9. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within this judicial district. Thus, Defendant has sufficient minimum contacts within this State and district, and otherwise purposefully avails itself of the markets in this State to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

10. Venue is proper in the United States District Court for the District of Idaho, pursuant to 28 U.S.C. § 1391, for the following reasons: (1) a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district; (2) Defendant is subject to personal jurisdiction by this Court because Defendant is incorporated in the State of Idaho and regularly conducts business within this judicial district; and (3) Plaintiffs reside in the State of Idaho.

## **PARTIES**

11. Plaintiffs are natural persons residing in State of Idaho, and are "consumers" as defined by the FDCPA, 15 U.S.C. §1692a(3).

12. At all relevant times herein, Defendant was seemingly a collection agency engaged, by use of the mail and telephone, in the business of collecting a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5). Defendant regularly attempted to collect a debt alleged to be due by Plaintiffs, and by understanding of Plaintiffs, Defendant was considered a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

13. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" and a "debt" as those terms are defined by 15 U.S.C. §1692a(5).

## FACTUAL ALLEGATIONS

14. Sometime prior to March 2021, Plaintiffs incurred certain financial obligations to Five Star Property Management.

15. These alleged financial obligations were money, property, or their equivalent, for personal, family and/or household purposes, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. §1692a(5).

16. Sometime thereafter, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt.

17. Plaintiffs dispute the validity of this alleged debt.

18. Subsequently, but around March 2021, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

19. Plaintiff does not believe the alleged debt owed to Defendant was accurate.

20. On March 18, 2021, Defendant sent a letter to Plaintiffs attempting to collect a debt from Plaintiffs, Idaho residents. The letter indicated the debt originated with Five Star Property Management and that Plaintiffs owed $2,401.80 to Defendant and Five Star Property Management.

21. Pursuant to Idaho Code 26-2223, this section states in pertinent part, no person shall without complying with the terms of this act and obtaining a license from the director: operate (1) as a collection agency, (2) engage directly or indirectly in the business of collecting or receiving payments for a bill or ones indebtedness, (3) solicit or advertise in this state to collect or receive payment for another of any account, bill claim, or other indebtedness, or (4) engage in any activity in this state which indicates that a third party is or may be involved in effecting any collections.

22. Further, under Idaho Code § 26-2223A(1) "Each licensee shall maintain a home office licensed under this act as the licensee's principal location for collection activities. Each licensee must maintain a listed telephone number

and must be open to the public during normal business hours[.]" "Each licensee shall designate a natural person, who meets the experience requirements of section 26-2224(6), Idaho Code, to be responsible for collection activities carried on at each office of the licensee." Idaho Code 26-2223A(2).

23. Idaho Code section 26-2224, states in pertinent part, every applicant for a license under this act shall file with the director an application in a form prescribed by the director. Applicants shall include information such as, name, address, principal location, and all names by which applicant engages in collection activities. In addition, the name, address, and qualifications of a natural person possessing a minimum of three years experience related to this business. Furthermore, said natural person will supervise the applicant's office locations from which business activities in this state will be conducted.

24. Despite the requirement by Idaho Code 26-2223, Defendant does not possess a license pursuant to Idaho Code 26-2223 that would allow Defendant to collect the alleged debt Idaho.

25. Upon information and belief, Defendant does not have an office nor a designated natural person to act or collect on behalf of Defendant within the state of Idaho that is required by all collection agencies that operate within the State of Idaho under Idaho Code section 26-2224(6), and 26-2223A.

26. Pursuant to Idaho Code § 26-2238(2) "Any person, except a person exempt under section 26-2239, who engages in activities authorized under this act without first obtaining a license as required by this act shall, upon conviction, be guilty of a felony punishable by a fine not to exceed five thousand dollars or by imprisonment for not more than five years, or both." Further, "any person who shall fail to comply with any of the other provisions of this act shall, upon conviction, be guilty of a misdemeanor." Idaho Code § 26-2238(3).

27. Upon information and belief, Defendant did not, at any time relevant, possess a collection agency license as required by the Idaho Code § 26-2223. Consequently, Defendant acted in violation of 15 U.S.C. § 1692f(1) by attempting to collect a debt not permitted by law.

28. By engaging, either directly or indirectly, in the business of collecting or receiving payment for others of any account, bill, claim or other indebtedness, in the State of Idaho, without first obtaining a license from the Director under the Idaho Collection Agencies Act ("ICAA") as required by Idaho Code § 26-2223, Defendant violated 15 U.S.C. § 1692e(5) by attempting to collect a debt when Defendant was not legally authorized to do so.

29. By engaging, either directly or indirectly, in the business of collecting or receiving payment for others of any account, bill, claim or other indebtedness, in the State of Idaho, without first obtaining a license from the Director under the Idaho Collection Agencies Act ("ICAA") as required by Idaho Code § 26-2223, Defendant violated the Idaho Consumer Protection Act ("ICPA").

30. Furthermore, more than four years ago, on January 31, 2017, Defendant was ordered by Idaho's Attorney General Lawrence G. Wasden, and Mary E. Hughes, Acting Director, to cease and desist all collection practices within Idaho for failure to obtain a proper license.

31. Defendant had previously attempted to collect alleged debts from other residents within Idaho, and was subsequently ordered to cease any sort of collection or credit reporting for failure to comply with Idaho Code § 26-2223 in the January 31, 2017 order by Idaho's Attorney General.

32. Defendant is attempting to collect the alleged debt from Plaintiff and putative class members in violation of the Idaho Code § 26-2223. As a result, Defendant falsely represented the legal status of the debt collector and used

deceptive means to imply that Plaintiff was obligated to pay the debt in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

33. By attempting to collect the alleged debt from Plaintiffs and putative class members in violation of the Idaho Code § 26-2223, Defendant falsely represented the legal status of the debt collector and used deceptive means to imply that Plaintiffs' were obligated to pay the debt to Defendant in violation of the ICAA, Idaho Code § 26-2223.

34. Upon information and belief, Defendant did not, at any time relevant, possess a collection agency license as required by the Idaho Code § 26-2223, making the alleged debt reported void, pursuant to Idaho Code § 26-2223. Consequently, Defendant acted in violation of 15 U.S.C. § 1692f(1) by attempting to collect a debt not permitted by law.

## CLASS ACTION ALLEGATIONS

35. Plaintiffs' bring this action on behalf of themselves and on behalf of all others similarly situated ("the Classes").

36. Plaintiffs represent, and are a member of, the Letter Class, consisting of:

> All persons with addresses within the State of Idaho to whom Defendant sent a collection letter, that was not returned undeliverable, within one year before the filing of this Complaint.

37. Defendant and its employees or agents are excluded from the Class.

38. Plaintiffs do not know the number of members in the Class but believe the Class members number in the hundreds or thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

39. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties

and to the court. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

40. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   i. Whether Defendant's actions violated the FDCPA;
   ii. Whether Defendant's actions violated the ICPA;
   iii. Whether Defendant's actions violated the ICAA;
   iv. Whether members of the Class are entitled to the remedies under the FDCPA and ICPA;
   v. Whether members of the Class are entitled to declaratory relief pursuant to the FDCPA and ICPA;
   vi. Whether members of the Class are entitled to injunctive relief pursuant to the FDCPA and ICPA; and

41. As persons that received at least one written communication from Defendant in violation of the FDCPA and ICPA, Plaintiffs are asserting claims that are typical of the Letter Class.

42. Plaintiffs will fairly and adequately protect the interests of the Class.

43. Plaintiffs have retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

44. Plaintiffs' claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually

controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

46. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to the Classes as a whole.

47. Plaintiffs contemplate providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

48. Plaintiffs request certification of a hybrid class for monetary damages and injunctive relief.

## COUNT I:
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C §§ 1692, *ET SEQ.*

49. Plaintiffs hereby incorporate the preceding paragraphs as if set forth in full.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, *et seq.*

51. As a result of each and every violation of the FDCPA, Plaintiffs, and the putative Class members, are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

///

///

COMPLAINT
-9-

## COUNT II

## Violation of the Idaho Consumer Protection Act, Idaho Code Title 48 Chapter 6 ("ICPA")

52. Plaintiffs hereby incorporate the preceding paragraphs as if set forth in full.

53. Defendant is a "Person" in "Trade" as defined by Idaho Code 48-602.

54. Defendant engaged in unfair and deceptive acts in violation of the ICPA by contacting Plaintiffs and the putative class in an attempt to collect a debt when Defendant knew it was illegal for Defendant to attempt to collect debts from consumers in Idaho. Through Defendant's actions, it engaged in misleading, false, or deceptive conduct.

55. Engaging in other false, misleading, deceptive, or unconscionable acts which, due to their deceptive nature, have not been discovered by Plaintiffs at this time. Plaintiffs hereby place the parties on notice that this Complaint includes any such conduct.

56. As a result of the conduct described above, Plaintiffs have suffered ascertainable loss within the meaning of Idaho Code 48-608.

57. Defendant should be disgorged of any ill-gotten gains derived against the unsuspecting public.

58. Under Idaho Code 48-608(1), Plaintiffs are entitled to recover actual damages or $1,000, whichever is the greater, for each discrete violation of the ICPA.

59. Plaintiffs have experienced emotional distress as a result of Defendant's conduct and this distress has manifested physically in the form of lost sleep, stress, anxiety, and worry.

60. In addition, Plaintiffs are entitled to seek and do seek an order enjoining Defendant from the employment of deceptive or unfair conduct, and to any

other relief as the court deems just and necessary, including declaratory relief.

61. Based on information and belief, the unlawful conduct of Defendant as demonstrated in this action has been a repetitive and routine practice to the detriment of unsuspecting consumers in Idaho, including Plaintiffs. This conduct has also been flagrant, oppressive, fraudulent, malicious, and outrageous. Defendant is hereby notified that punitive damages may be sought in this action to deter future like conduct and to discourage them of ill-gotten profits.

62. Under Idaho Code 48-608(5), the Idaho legislature has mandated that Idaho courts "shall" award reasonable attorney's fees and costs to a prevailing consumer.

63. Plaintiffs have asserted this action based on their good-faith belief that the violations asserted in this cause of action have occurred and that they are entitled to the relief requested. This action is not brought to harass Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgement be entered against Defendant on behalf of each putative class member as follows:

- That this action be certified as a class action on behalf of the Class as requested herein;
- That Plaintiffs be appointed as representative of the Class;
- That Plaintiffs' counsel be appointed as counsel for the Class;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for Plaintiffs and each putative class member;

- An award of statutory damages of $1,000.00, pursuant to the ICPA, for Plaintiffs and each putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Idaho Code 48-608(5), against Defendant;
- Interest, and any and all other relief that this Court deems just and proper
- For an order enjoining Defendant from engaging in conduct in violation of Idaho law;
- For such other and further relief as the Court deems just and equitable.

## TRIAL BY JURY

64. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and hereby demand, a trial by jury.

Respectfully Submitted,

Dated: June 22, 2021

/s/ Leland K. Faux
Leland K. Faux, Esq.

David J. McGlothlin, Esq. (17389 UT)
david@kazlg.com
Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Suzette Rasmussen (15981 UT)
All Utah Law PLLC
1032 E. Deer Heights Court
Draper, UT 84020
T: 801-717-0821

allutahlaw@gmail.com
(Pro Hac Vice Applications to be filed)

*Attorneys for Plaintiffs*